CHANCERY
Case 9.

# Sanders' heirs vs. Morrison's ex'ors.

Appeal from the Owen Circuit; JESSE BLEDSOE, Judge.

*Parties in chancery. Practice in this court. Trusts. Jus accrescendi. Executors.*

April 18.

Judge MILLS delivered the Opinion of the Court.
Absent—Chief Justice BIBB.

Decree of the
circuit court.

MORRISON filed his bill on an adverse conflicting entry, to recover land against Sanders,

Morrison's
derivation of
title objected
to by San
ders.

who held the elder grant. The court below gave him the relief prayed, and from that decree Sanders appealed. Morrison and Sanders have both died pending the appeal, and the cause has been revived in the name of their respective representatives.

The appellants now question the title of Morrison, and their ancestor required proof of title in his answer.

The title set out by Morrison, is an entry in the name of Andrew Shriver, a patent to the late George Nicholas, as assignee of Shriver, and the will of Nicholas devising the land in fee, to said James Morrison and Joseph H. Daviess, and in trust for the payment of his debts, and to be conveyed in portions to his wife and children.

The appellants except to the will as not proved either by a certificate from a recording office, or by witnesses to be the will of Nicholas. We waive that question, as it may in a future stage of the cause arise in another shape, because we are of opinion, that the bill of Morrison by his own shewing, admitting the copy of the will to be genuine, which he has made part of the bill, shows such a defect of parties as prove conclusively, that he is not entitled to the decree which he has obtained on the merits.

The devise in the paper relied on as a will, after appointing Morrison and Daviess as his executors, is to this effect:

"I hereby give them the fee simple on my whole estate upon the following trust—that they shall permit my wife to hold my house and lots near Lexington, my farm near that place, and the negroes belonging to that farm, and one dwelling house and all the stock belonging to that farm, and every kind of personal property, in or belonging to our dwelling house, wherever that may be situate at the time of my death, for her life, and that they convey the said property after, her death, to any child or children of ours, that she may give it to by her last will, and that they pay her annually, during her life, the sum of five hundred dollars; that they sell so much of the rest of my estate, which in their judgment can be best spared, to comply with my contracts, and pay my debts, and that they convey all the residue of my estate of every kind, to all my children who shall attain the age of twenty-one years, or money in equal proportions, and this division is to be made at their discretion, either partially, or of the whole residue at once, as will best suit the wants of my family and the situation of my debts, and my executors are to be the judges of the equality of the division,

SANDERS'
HEIRS
VS.
MORRISON'S
EX'ORS.

Question on the title waived, because the necessary parties are not before the court.

Will of Geo. Nicholas.

SANDERS'
HEIRS
vs.
MORRISON'S
EX'ORS.

Where land
is devised
in trust, to
two execu-
tors, saying
nothing of
survivor on
the death of
one of the ex-
ecutors, a
moity passes
to his heirs or
devisees.

each child to have an estate in fee in the part to be allotted to him or her."

This will is dated May 3rd, 1797, and has not one word in relation to the survivor taking the estate between the executors, and the vestiture is joint.

Morrison states in his bill that Daviess is dead, and that he is the sole surviving executor and trustee; and hence he would have it inferred that the trust estate survived to him, and the question is, can this inference be admitted? We conceive not. A moiety of the estate descended to the heirs of Daviess, or might have been devised by his will, if he made one, and therefore, Daviess' heirs or devisees, as the case may be, were necessary parties to a suit of this nature to try the title of the land. With this agrees the decision of this court, in the case of Waggener vs. Waggener, 3 Monroe, 542.

Trust estates
pass as oth-
ers, unless it
is otherwise
provided by
the Will, or
other instru-
ment of con-
veyance.

There is nothing to prevent a trust estate from descending or being devised, unless such transmission of the title be forbidden by the terms of the original grant to the trustees, and that is not the case in this will. In England, the case of joint trustees were different. The doctrine of survivorship which existed in that country would still keep the estate in the survivor. But here, since the desrtuction of the doctrine of survivorship, the case is different.

The *jus ac-
crescendi* is
destroyed by
the Statute
in trust es-
tates, as well
as all others.

Knowing the inconvenience of spreading a naked trust of this kind into so many hands, by a descent or devise, we have resorted to the act of Assembly, 2 Dig. K. L. 686, to discover whether we could not make a trust of this nature, an exception to the general rule of destroying survivorship between joint tenants; but in this resort we have been disappointed, and that act is express and decisive in all cases, even in joint trust estates, and is conclusive against the appellee, and precludes his escape. Survivorship is there taken away between all joint tenants, "whether they be such as might have been compelled to make partition or not, or of whatever kind the estate or things holden may be." It therefore expressly includes unlimited trusts as this, and leaves

the title to pass to the representatives of the one dying, to be held in common with the survivor.

The decree must, therefore, be reversed with costs, and the cause be remanded to the court below, with directions there to dismiss the bill with costs and without prejudice, unless the proper parties are brought before the court in a reasonable time, to be fixed by the order of the court below.

SANDERS'
HEIRS
vs.
MORRISON'S
EX'ORS.

Reversal, and order for proper parties, or bill to be dismissed.

PETITION FOR A REHEARING BY THOMAS B. MONROE.

  It seems to the counsel for the plaintiffs in error, that according to the principles ever heretofore acted upon, and lately perspicuously stated, and fully recognized in the case of Russell's heirs against Craddock, 4 Monroe, 384–5, the question of the right of Morrison to a moiety under the grant to Nicholas, must be now decided.

Petition for a re-hearing.

In that opinion it is said, there are three classes of cases; one in which, "the party claimed the title by devise or descent, either immediately to himself, or mediately, through, or under some person who claimed by *devise*, or descent, and had failed to prove his title by exhibiting that *devise*, or proving that descent, as a necessary link of the chain of title," in which this court has absolutely dismissed the bill without regard to what the decree was below, or which of the parties brought the case here; the second are of cases where the court has corrected the dismission of the court below when it was absolute, and directed it to be entered without prejudice; and the third when the complainant having prevailed in the circuit court, and it appeared here on the defendant's appeal, that the complainant shewed a deduction of title under the junior grant to some undivided part, in which the cause would be sent back, with liberty for complainant to make new parties.

Now it is supposed by us, if the will of Nicholas is not proved, the complainant has wholly failed to shew any title derived to him for any interest whatever in the land, and that his case falls within the first class, and the cause ought to go back for an

SANDERS'
HEIRS
VS.
MORRISON'S
EX'ORS.

Petition for a
re-hearing.

absolute dismissal, or at least without prejudice, and not for further preparation.

If the will of Nicholas had been proved, then the complainant would have shewed title to part, and the case would have been like Russell and Craddock's; but if he has not, then his case must be like the cases cited in the argument of that case, on the authority of which, the counsel of Russell contended Craddock could not be allowed to proceed further on the return of the cause, and the complainant must submit to a dismission absolutely for the want of proof of a whole, and every part of the title by devise; and though he may complain of the rule as rigorous, it is obvious, it will be no more than decreeing for defendants in other cases, where the whole thing is demanded in the bill, and the title to no part is maintained by the evidence.

It is perfectly plain that the devise is not proved. It is denied in the answer of Sanders, that George Nicholas made a will; as the court have said in the opinion, it is said in the bill, that "Nicholas made and published his will, an official copy of which will is herewith filed, and prayed to be taken as part of this bill;" and there is a paper found in the record purporting to be the will of George Nicholas, with an affidavit of Robert Scott and Thomas Bodley attached to it, dated the 12th October, 1816, nearly a year before the commencement of this suit. But there is no witness to this pretended will; the affidavit does not state the original was in the hand writing of Nicholas, or even that the signature was his, or that he ever did in fact publish it. It is not stated that the will was ever proved in the county court of Fayette.

The affiants say, they are *informed*, and believe it *was lodged in the office* to be recorded; nothing is said of its ever having been proved in court. As to the due enquiry and examination the affiants say they and Morrison made for an authenticated copy, we would say, that after the original had been proved, such an affidavit would have come more properly from the executor.

It was said in argument, that as the alleged copy of the will was found in the record without objection, it is now too late to say the will was not proved.   It is a rule well settled, where the execution of a paper set up or exhibited in a bill, is denied, and complainant offers depositions to prove its execution, the whole exhibit and proof come here together, and this court will decide whether the instrument be proved or not, on the pleadings and evidence.  It was not necessary for the defendant to object, or to except to the exhibit, it was enough for him to deny it in his answer; but enough of this.   The court has said the devise was put in issue, and the question properly raised here, except for the want of parties, and we humbly trust, that upon a review of the case, the court will find *that* no obstruction.  And we have no doubt the court is satisfied the will is not proved.

A re-hearing is respectfully asked.

The Court overruled the motion for a re-hearing, and the opinion stands unaltered.

*Monroe* and *Haggin*, for appellants; *Crittenden* and *Wickliffe*, for appellees.